**Daisy Louise CAMPBELL, Appellant,**

**v.**

**Dr. J.R. GREGORY and Dr. James E. Keever, Appellees.**

**No. 88–1055.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 19, 1988.

Decided Feb. 15, 1989.

Katherine C. Gay, Fayetteville, Ark., for appellant.

Dennis L. Shackleford, El Dorado, Ark., for appellees.

---

**1.** The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Before JOHN R. GIBSON, WOLLMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Daisy Louise Campbell appeals from an adverse jury verdict in a suit she brought against J.R. Gregory, M.D. and James E. Keever, M.D. wherein she alleged that the doctors were negligent in their treatment of her foot. Campbell contends that the district court incorrectly ruled on several objections and motions made by the parties. We affirm.[1]

## I. Background

Campbell suffered a broken ankle in a fall. She was taken to St. Michael Hospital in Texarkana, Arkansas, where Dr. Gregory surgically reduced the fracture.[2] After surgery, Campbell began experiencing severe pain, loss of warmth, discoloration and finally loss of sensation in her foot.

Campbell's complaints were first called to the attention of Dr. Gregory, who directed that the cast on Campbell's ankle be changed. Dr. Gregory then left town for a short time and Campbell's complaints were forwarded to Dr. Keever. He also ordered several cast changes, apparently thinking that Campbell's problems were caused by the pressure of the cast. Campbell lost all feeling in her foot. Eventually, the foot had to be amputated because a blood shortage had caused tissue damage. The blood deficiency resulted from blockage in an artery in the leg which supplies blood to the three arteries in the foot and additional blockage in two of those three arteries.

Campbell brought suit against both doctors alleging that they were negligent in failing to examine Campbell and that their negligence caused the loss of her foot. Following a trial, the jury found for the doctors.

## II. Discussion

### A. Removal of Page Markers

During the trial, Campbell offered her hospital records into evidence. Prior to closing argument, Campbell's attorney attached yellow markers[3] to certain pages in the records to enable the jury to find the information referred to in closing argument more easily. Counsel informed the jury during closing argument that she had placed the yellow markers on the pages to which she was making reference. After the jury had retired to deliberate, they asked to have the exhibits, including the hospital records, delivered to the jury room. At that time counsel for the doctors objected to the use of the yellow markers. The court sustained the objection and the markers were removed.

Campbell claims that the court erred in ordering removal of the markers because the doctors' attorneys did not object to the use of the markers in a timely manner. She asserts that counsel should have objected during or after closing argument when use of the yellow markers first became apparent. The doctors claim that such use did not become apparent until the jury requested the exhibits.

"The rule is well settled in this circuit that for an objection to be timely it must be made at the earliest possible opportunity after the ground of objection becomes apparent, or it will be considered waived." *Terrell v. Poland*, 744 F.2d 637, 638–39 (8th Cir.1984) (citations omitted). It is also well established that "[a] trial court's ruling concerning the admissibility of evidence can be reversed only upon showing that a clear abuse of discretion has occurred." *Hoover v. Thompson*, 787 F.2d 449, 450 (8th Cir.1986) (citations omitted). When the jury requested the exhibits subsequent to closing argument, defense counsel examined the exhibits and discover-

---

1. The Honorable Oren Harris, United States District Judge for the Western District of Arkansas.

2. A surgical reduction involves putting the fragments of bone back into proper alignment. *See Stedman's Medical Dictionary* 1208 (5th ed. 1984).

3. The markers used were one and one-half inch by two inch removable yellow stickers known as "Post-it Note Pads."

ed the yellow markers. At this time counsel were informed that Campbell's attorney intended that the markers would remain on the records while in the possession of the jury. Consequently, the district court held that the objection by counsel for the doctors was timely. This decision was not an abuse of discretion. Also, the markers were not received into evidence with the hospital records. As a result, they were not, themselves, evidence or suitable objects to be present in the jury room during deliberations. *See United States v. Parker*, 491 F.2d 517 (8th Cir.1973), *cert. denied*, 416 U.S. 989, 94 S.Ct. 2396, 40 L.Ed. 2d 767 (1974).

### B. Motion For a New Trial

 Following the return of the jury's verdict, Campbell filed a motion for a new trial. She asserted that the verdict was induced and supported by false testimony on an issue which was central to the case. The motion referred to the testimony of Dr. W.F. Blankenship, the doctors' expert witness in the area of orthopedic surgery. When asked during cross-examination about the effects of partial arterial blockage, Dr. Blankenship stated that a partial arterial blockage would not cause a serious medical problem. Campbell contends that Dr. Blankenship's testimony was perjury because his opinion is in direct conflict with a learned medical treatise. She also asserts that the removal of the yellow markers from her hospital records deprived her of her right to rebut Dr. Blankenship's testimony because she was unable to direct the jury's attention to the particular portion of the record which would refute Dr. Blankenship's testimony. The district court denied the motion.

"A motion for a new trial is addressed to the sound discretion of the trial court and the action of the trial court should not be upset absent a strong showing of an abuse thereof." *Sanden v. Mayo Clinic*, 495 F.2d 221, 226 (8th Cir.1974) (citations omitted). We find no abuse of discretion here. Dr. Blankenship did not commit perjury. He merely testified as to his opinion, which opinion differed from that of Campbell's expert and the treatise cited by Campbell.

As the district court correctly stated, "[I]t was the responsibility of the jury to determine the credibility of the witnesses" under proper instructions regarding the evaluation of expert testimony. *Campbell v. Gregory*, No. 85–4038, slip op. at 7 (W.D. Ark. Dec. 14, 1987). Although Campbell did not object at trial to the instructions given, she now claims that the jury instructions given were incorrect. Because Campbell did not object at trial to the instructions given, we can only review her claim for plain error. Having reviewed the jury instructions given, we find no such error.

### III. Conclusion

We have also considered Campbell's other argument that there was insufficient evidence to support the jury verdict and find it to be without merit. For the foregoing reasons, the judgment of the district court is affirmed.