# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3364

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Randy Lee Werst, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 8, 2009
Filed: June 18, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Randy Lee Werst appeals the district court's[1] 48-month upward variance from the U.S. Sentencing Guidelines (U.S.S.G.) range of 77-96 months, arguing the resulting sentence is unreasonable. We affirm.

On November 21, 2007, Werst robbed the First National Bank of Cove, Arkansas. During the robbery, he brandished a firearm and ordered two female tellers to lay on the floor. Werst threatened to shoot one of the women if she failed to

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

comply. Werst was quickly apprehended and pleaded guilty to one count of taking money belonging to an institution insured by the Federal Deposit Insurance Corporation by force, violence, and intimidation in violation of 18 U.S.C. § 2113(a).

The Presentence Investigation Report (PSIR) tallied seventeen adult convictions for various misdemeanors and felonies going back to 1992, e.g., theft of property, theft by receiving, forgery, and burglary. The PSIR also recounted Werst's use of a firearm, his threat to shoot one of the tellers during the robbery, and the women's statements to the probation officer of suffering from ongoing anxiety resulting from the experience. The PSIR calculated an adjusted base offense level of 22, and a criminal history category of V, resulting in a Guidelines sentencing range of 77-96 months. Neither party objected to the PSIR.

At sentencing, the district court focused largely on the impact Werst's crime had on the two bank tellers. The court noted both were ordered to lay on the floor, and one was told she would be shot if she failed to comply. The district court was especially concerned by reports from the women indicating they continued to suffer anxiety as a result of their lives being in jeopardy. "I think you . . . did terrorize and traumatize two young women who may not ever get over what you have done." In addition, the district court stated it was relying on Werst's use of a firearm, his lengthy criminal history, and the factors under 18 U.S.C. § 3553(a). After considering all these factors, the district court varied upward from the Guidelines range and imposed a sentence of 144 months. On appeal, Werst argues the sentence is substantively unreasonable. He contends "this is a mine-run robbery case and a significant justification did not exist to warrant a major upward variance."

After Gall v. United States, 128 S. Ct 586 (2007), we review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard. Id. at 597. Before reaching the substantive reasonableness of the sentence, the court "must first ensure that the district court committed no significant procedural

error, such as . . . failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Id. If the sentence is procedurally sound, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. Although extraordinary circumstances are not required to justify a sentence outside the Guidelines range, "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Id. at 594.

> If [the district court] decides that an outside-Guidelines sentence is warranted, [the district court] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance . . . . [A] major departure should be supported by a more significant justification than a minor one.
> . . .
>
> [T]he [appellate] court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.

Id. at 597.

We have interpreted Gall as confirming a district court's wide latitude when weighing the § 3553(a) factors, thereby allowing it to assign some factors greater weight than others in deciding whether "the § 3553(a) factors, on a whole, justify the extent of the variance." Id. Barring an abuse of discretion, the district court's sentencing decision will be affirmed.

> An abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all

> proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment.

United States v. Kramer, 827 F.2d 1174, 1179 (8th Cir. 1987).

Werst concedes the district court committed no procedural error. Thus, we need only review the substantive reasonableness of the 144-month sentence. The record reflects the district court carefully considered the immediate and potentially lifelong impact of Werst's actions on the two tellers. The fact the women may never fully recover emotionally from the experience was a proper factor for the court to consider. Additionally, the district court properly considered Werst's lengthy criminal history. We note many of the offenses are relatively minor, but his disregard for the law and other persons is firmly established. Under § 3553(a) it was not an abuse of discretion for the court to take into account the impact of Werst's crime on others, his personal characteristics, and his criminal history. Further, the district court did not commit a clear error of judgment in weighing these relevant factors.

The judgment of the district court is affirmed.

_____