# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1321

_____

United States of America,    *
                             *
              Appellee,      *
                             *    Appeal from the United States
v.                           *    District Court for the Western
                             *    District of Arkansas.
Brandon Howard Griffin,      *
                             *    [UNPUBLISHED]
              Appellant.     *

_____

Submitted: March 14, 2011
Filed: June 10, 2011

_____

Before LOKEN and COLLOTON, Circuit Judges, and NELSON,* District Judge.

_____

PER CURIAM.

Brandon Griffin appeals the district court's[1] 66-month upward variance from the U.S. Sentencing Guidelines (U.S.S.G.) advisory range of 63-78 months, arguing that the resulting sentence is unreasonable. We affirm.

_____

*The Honorable Susan Richard Nelson, United States Judge for the District of Minnesota, sitting by designation.

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

On December 3, 2008, Griffin robbed a branch of U.S. Bank in Hot Springs, Arkansas. During the robbery, he brandished a semi-automatic pistol and, shouting obscenities, he ordered the bank's five employees to the floor, including the branch manager, who was eight months pregnant. Griffin commanded a teller to empty her cash drawer at gun-point, asking, "Is that all you've got?" before taking the contents and leaving. Griffin was apprehended shortly thereafter and pleaded guilty to one count of taking money belonging to an institution insured by the Federal Deposit Insurance Corporation by force, violence, and intimidation in violation of 18 U.S.C. § 2113(a) (Count I), and one count of possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count II).

The United States Probation Office prepared a Presentence Report (PSR). The PSR recounted Griffin's use of a firearm, his aggressive behavior, and the statements of three bank employees to the probation officer in which they described their fear during the robbery and their resulting anxiety. In addition, the PSR noted Griffin's status as a discharged U.S. Marine Corps Iraq veteran, diagnosed with Post-Traumatic Stress Disorder (PTSD). The PSR calculated a total offense level of 24. With appellant's criminal history category III[2], the Guidelines suggested a range of imprisonment between 63-78 months. Although Griffin filed objections to the PSR, they did not impact the sentencing range calculation.

The district court gave notice that it was contemplating an upward departure or variance in sentencing under 18 U.S.C. § 3553(a). The court indicated that the possible bases for an upward departure or variance included victim impact, the nature and circumstances of the offense, and other factors set forth in 18 U.S.C. § 3553(a).

---

[2]The appellant had four criminal history points, which established a Criminal History Category III.

At the sentencing hearing, bank employees testified that the bank robbery led to career changes, difficulties in personal relationships, and the need for mental health therapy and medication. In delivering the sentence, the district court emphasized the impact of the offense on the victims, noting that it might "never cease or never end." (S. Tr. 49.)  The court also expressed the need for the sentence to reflect the seriousness of the offense and to provide just punishment for the offense.  After considering these factors, the district court varied upward from the Guidelines range and imposed a 144-month sentence for Count I, to be served concurrently with a 120-month sentence for Count II.

We apply a deferential abuse of discretion standard in reviewing the imposition of a sentence. United States v. Replogle, 628 F.3d 1026, 1031 (8th Cir. 2011) (citing Gall v. United States, 552 U.S. 38, 41(2007)).  This Court reviews a district court's sentence first for procedural error, then for substantive reasonableness. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  In the absence of procedural error, as here, we consider the substantive reasonableness of the sentence under an abuse of discretion standard. Id. at 461. An abuse of discretion in sentencing occurs  "'where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'"   United States v. Bryant, 606 F.3d 912, 921 (8th Cir. 2010) (quoting United States v. Moore, 565 F.3d 435, 438 (8th Cir. 2009)).  A non-Guidelines sentence may not be considered presumptively unreasonable, although "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Gall, 552 U.S. at 46.  We consider the totality of the circumstances, including the extent of any variance from the Guidelines, in reviewing the reasonableness of the sentence. Id. at 51.

Griffin concedes that the district court committed no procedural error; therefore, we need only review the substantive reasonableness of the sentence.  We conclude that the district court did not abuse its discretion in selecting a sentence of 144 months' imprisonment. The court explained that, in imposing the upward variance, it did so primarily because of the first § 3553(a) factor, which concerns the nature and circumstances of the offense. The court found it particularly troubling that Griffin, armed and acting in an aggressive manner, forced the eight-months-pregnant branch manager to the ground.  (S. Tr. 49.)  The court concluded that the bank robbery "has resulted in psychological trauma for all these employees and I think those problems will definitely continue.  I think it has – his conduct has had life-altering and even terminal effects on all of the victims." (Id. at 49-50.)  In addition, the court considered the seriousness of the offense and the need for just punishment, both of which fall under the second § 3553(a) factor.  The court properly considered these factors and gave them appropriate weight, in light of the totality of the circumstances.

Griffin also contends that he was treated differently than other similarly situated defendants, arguing that an upward variance should be justified by multiple § 3553(a) factors. Additionally, Griffin argues that, as compared to other criminal defendants, he presented strong mitigating evidence.  Citing our decision in United States v. Werst, 334 F. App'x 779 (8th Cir. 2009) (unpublished per curiam), Griffin argues that in that case, involving the same district judge, the same offense and the same 144-month sentence, the court justified an upward variance in a bank robbery offense due to "multiple factors." Here, Griffin contends, the court focused improperly on one factor, namely, that Griffin proceeded with the offense against a pregnant victim.

Our decision in Werst makes clear that district courts are permitted considerable discretion in determining which § 3553(a) factors are entitled to greater weight.  As we observed, "[w]e have interpreted Gall as confirming a district court's wide latitude when weighing the § 3553(a) factors, thereby allowing it to assign some factors greater weight than others in deciding whether 'the § 3553(a) factors, on a whole,

justify the extent of the variance.'" <u>Werst,</u> 334 F. App'x at 781(citing <u>Gall</u>, 552 U.S. at 51).   The record here reflects that in considering the § 3553(a) factors, the district court gave greater weight to the nature and circumstances of the offense than to other factors also considered.  This judgment was within the district court's discretion.  The court heard mitigating evidence from Griffin and his family members, who addressed his military service and resulting PTSD diagnosis.  In addition, the district court considered letters submitted on Griffin's behalf by family and friends, as well as the legal arguments raised in Griffin's Sentencing Memorandum. Ultimately, however, the court determined that the circumstances of the robbery were not typical, but were "particularly violent and out of the ordinary," justifying an upward variance.  (S. Tr. 51.)   Giving deference to the district court as required by <u>Gall</u>, we conclude that Griffin's sentence is not unreasonable under § 3553(a).   The district court did not abuse its discretion in sentencing the appellant to 144 months in prison.

Accordingly, we affirm.

_____