# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-2396

_____

United States of America

*Appellee*

v.

Hugo Galaviz, also known as Big Happy

*Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: May 15, 2012
Filed: August 6, 2012

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After Hugo Galaviz pleaded guilty to distributing methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1), and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), the district court sentenced him to 151 months' imprisonment. Mr. Galaviz appeals his sentence, raising as his sole issue the

propriety of the district court's enhancement of his sentence for obstructing justice. *See* U.S.S.G. § 3C1.1.  We reverse.

As relevant here, § 3C1.1 provides that a defendant's offense level should be enhanced two levels if he "willfully ... attempted to obstruct ... the administration of justice with respect to ... the sentencing of the instant offense of conviction."  The district court found on a sufficient record that while in prison, after pleading guilty, Mr. Galaviz engaged in a conspiracy to murder Ubeldo Lopez-Gonzalez, who was a confidential informant in the case.  The district court also found, again on a sufficient record, that Mr. Galaviz's motive for entering the conspiracy was to retaliate against Mr. Lopez for his cooperation with the government.  But because Mr. Galaviz had already pleaded guilty, he could not have intended to obstruct justice "with respect to the instant offense" by plotting to kill Mr. Lopez unless he thought that Mr. Lopez was going to testify against him at sentencing, and that indeed was the government's theory in the first brief that it filed in this court.  The infirmity of this position is that the record will not support a finding that Mr. Galaviz had reason to think that Mr. Lopez would be a witness against him at sentencing.

The dissent suggests that we are intimating that "a probability that the government could call the confidential informant at a sentencing hearing is insufficient to establish" an enhancement for obstruction of justice if the defendant conspires to kill the confidential informant.  On the contrary, though that case is not before us, a probability that a witness would be called at sentencing might well support an inference that a defendant's effort to have the probable witness killed was motivated by a desire to eliminate the witness's testimony.  But the record in this case does not support the premise that it was probable that Mr. Lopez would testify at the time Mr. Galaviz entered into the conspiracy to kill him or during the time when Mr. Galaviz was involved in the conspiracy.  Any inference that such a premise might support must therefore fail.  The district court, moreover, never found that the premise existed, partly because the government never asked it to do so.

In a supplemental submission, the government changes its argument and now for the first time maintains that a general retaliatory motive that relates to the offense of conviction is sufficient to trigger the enhancement. The difficulty with this contention is that, as relevant here, the guideline specifically requires a willful attempt to obstruct the sentencing process for it to be applicable. The government draws our attention to *United States v. Wahlstrom*, 588 F.3d 538, 542-46 (8th Cir. 2009), which involved a defendant's threat to kill the wife of the AUSA who was prosecuting his case. But that case is different from ours, because a defendant's threat to a prosecutor or his family could well affect or hinder the prosecution of the defendant's case, or, at least, a defendant might think so. Here, there is no evidence that retaliation would impede the progress of Mr. Galaviz's case in any way, or that he could have thought that it would.

Mr. Galaviz can of course be prosecuted by a proper authority for plotting to kill Mr. Lopez. But the sentencing enhancement does not apply because there is no showing that the plot was intended to obstruct justice on the instant offense of conviction.

We therefore reverse the sentence and remand for further proceedings.

SMITH, Circuit Judge, dissenting.

The majority holds that the district court erred in finding that Galaviz obstructed justice by participating in a conspiracy to kill the government's confidential informant and principal witness in the prosecutorial process used to convict Galaviz and who provided testimony at Galaviz's subsequent sentencing hearing. The court thus interprets U.S.S.G § 3C1.1 in such manner that it cannot be used to enhance a defendant's sentence for obstruction of justice for conspiring to murder the government's principal witness because Galaviz's motive was simply

retaliation for the witness being a snitch[1] and not an effort to prevent the witness's availability for his pending sentencing hearing. Because I believe that the district court did not err in finding that Galaviz's attempt to kill the government's confidential informant amounted to an obstruction of justice, I respectfully dissent.

The court finds that the government did not prove that Galaviz knew the witness would testify at his sentencing hearing and thus could not have intended to obstruct or impede the sentencing for his offense of conviction. The majority thus makes and then accepts a better argument for reversal than Galaviz made for himself. Galaviz's brief and supplemental brief argue that no obstruction took place because the investigation was complete; he had already pleaded guilty and in his words, "the attempted threat of harm to a witness would have had no impact on the case against Galaviz at the time the conduct occurred." He concludes his argument by stating, "assuming that there is sufficient evidence to show that Galaviz obstructed or attempted to obstruct justice, such actions would have had no effect on the investigation, prosecution or sentencing of the offenses of conviction in this case as is required by U.S.S.G. § 3C1.1." Yet, Galaviz acknowledges that he participated in conversations with a co-conspirator two weeks before the sentencing hearing regarding an attempt to kill a confidential informant. Galaviz's argument fails to take into account that an actual obstruction need not have occurred because the enhancement applies to attempts as well as completed crimes. We have stated, "[a]n attempt to intimidate or threaten a witness, even if unsuccessful, is sufficient to sustain a two-level enhancement for obstruction of justice." *United States v. Carrillo*, 380 F.3d 411, 415 (8th Cir. 2004) (quotations and citations omitted). Further, "[t]he language of § 3C1.1 is broad, and as the commentary recognizes, '[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness.'" *United States v. Wahlstrom*, 588 F.3d 538, 544 (8th Cir. 2009) (quoting U.S.S.G. § 3C1.1

[1]A snitch is a negative slang term offenders use to describe an informant. *White v. Fox*, No. 10-40843, 2012 WL 638569 at *6 (5th Cir. Feb 28, 2012).

n.3). Finally, this circuit upholds the application of an obstruction of justice enhancement regardless of "whether [the defendant was] motivated by the desire to impede the proceedings or by vengeance." *Id.* at 545.

Planning to murder a potential witness is surely an attempt to affect whatever phase of a prosecution remains incomplete whether or not it would also serve as retribution for snitching. But the majority holds that Galaviz must have had intended to obstruct a specific proceeding, and thus merely agreeing to kill a person that assisted the government in garnering a conviction in his case is insufficient. Specifically, the majority finds that the government must prove that Galaviz knew that the government was going to call the confidential informant at his sentencing hearing before the district court could apply an obstruction enhancement. In other words, a probability that the government could call the confidential informant at a sentencing hearing is insufficient to establish an obstruction of justice charge by a preponderance of the evidence even if the defendant, by objecting to the PSR, made it more probable that the government would call the confidential informant.

I would hold that the district court did not err in concluding that Galaviz could have intended to obstruct his sentencing hearing by attempting to kill the confidential informant. At the time he entered the conspiracy, Galaviz's sentencing remained pending. Galaviz filed an objection to the PSR on April 4, 2011; thus making a hearing on at least some issues probable. He then subsequently conspired to take the life of the confidential informant who had given incriminating statements against him that led to Galaviz's guilty plea. Thus, at the time Galaviz entered into the conspiracy it was probable that the government would have called the confidential informant to testify at Galaviz's sentencing hearing (which the informant ultimately did do). In my view, the fact that Galaviz knew that the confidential informant was a snitch[2] and

---

[2]Galaviz knew that Lopez was a snitch and an important snitch at that because Lopez purchased the gun from Galaviz, which the government used to apply the

assisted the government in its case against him, and the fact that Galaviz's proceedings had not yet concluded, satisfies the intent requirement for § 3C1.1.

The majority's interpretation of § 3C1.1 can lead to anomalous results. For instance, under the majority's reading of § 3C1.1 intent requirement, if Galaviz succeeded in killing the government's confidential informant, the district court could not impose an obstruction of justice enhancement although the government eventually called the confidential informant as a witness at Galaviz's sentencing hearing. In other words, had Galaviz succeeded in his plot, the district court would not be able to impose an obstruction of justice enhancement even though Galaviz obstructed justice *in his own case*. Thus, the majority's interpretation of § 3C1.1 would disallow application of an obstruction of justice enhancement in cases where the defendant may have obstructed justice in his or her own case.

"We review the district court's construction of the advisory guidelines *de novo* and its associated factual findings for clear error." *United States v. Wisecarver*, 644 F.3d 764, 773 (8th Cir. 2011). On this record and briefing, I cannot conclude that the district court misconstrued the guideline or clearly erred in its factual findings and therefore respectfully dissent.

_____

_____

felon-in-possession of a firearm charge.