SMITH, Circuit Judge,
dissenting.
The majority holds that the district court erred in finding that Galaviz obstructed justice by participating in a conspiracy to kill the government’s confidential informant and principal witness in the prosecutorial process used to convict Galaviz and who provided testimony at Galaviz’s subsequent sentencing hearing. The court thus interprets U.S.S.G § 3C1.1 in such manner that it cannot be used to enhance a defendant’s sentence for obstruction of justice for conspiring to murder the government’s principal witness because Galaviz’s motive was simply retaliation for the witness being a snitch[1] and not an effort to prevent the witness’s availability for his pending sentencing hearing. Because I believe that the district court did not err in finding that Galaviz’s attempt to kill the government’s confidential informant amounted to an obstruction of justice, I respectfully dissent.
The court finds that the government did not prove that Galaviz knew the witness would testify at his sentencing hearing and thus could not have intended to obstruct or impede the sentencing for his offense of conviction. The majority thus makes and then accepts a better argument for reversal than Galaviz made for himself. Galaviz’s brief and supplemental brief argue that no obstruction took place because the investigation was complete; he had already pleaded guilty and in his words, “the attempted threat of harm to a witness would have had no impact on the case against Galaviz at the time the conduct occurred.” He concludes his argument by stating, “assuming that there is sufficient evidence to show that Galaviz obstructed or attempted to obstruct justice, such actions would have had no effect on the investigation, prosecution or sentencing of the offenses of conviction in this case as is required by U.S.S.G. § 3C1.1.” Yet, Galaviz acknowledges that he participated in conversations with a co-conspirator two weeks before the sentencing hearing regarding an attempt to kill a confidential informant. Galaviz’s argument fails to take into account that an actual obstruction need not have occurred because the enhancement applies to attempts as well as completed crimes. We have stated, “[a]n attempt to intimidate or threaten a witness, even if unsuccessful, is sufficient to sustain a two-level enhancement for obstruction of justice.” United States v. Carrillo, 380 F.3d 411, 415 (8th Cir.2004) (quotations and citations omitted). Further, “[t]he language of § 3C1.1 is broad, and as the commentary recognizes, ‘[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness.’ ” United States v. Wahlstrom, 588 F.3d 538, 544 (8th Cir.2009) (quoting U.S.S.G. § 3C1.1 n.3). Finally, this circuit upholds the application of an obstruction of justice enhancement regardless of “whether [the defendant was] motivated by the desire to impede the proceedings or by vengeance.” Id. at 545.
Planning to murder a potential witness is surely an attempt to affect whatever phase of a prosecution remains incomplete whether or not it would also serve as retribution for snitching. But the majority holds that Galaviz must have had intended to obstruct a specific proceeding, and thus merely agreeing to kill a person that assisted the government in garnering a conviction in his case is insufficient. *1045 Specifically, the majority finds that the government must prove that Galaviz knew that the government was going to call the confidential informant at his sentencing hearing before the district court could apply an obstruction enhancement. In other words, a probability that the government could call the confidential informant at a sentencing hearing is insufficient to establish an obstruction of justice charge by a preponderance of the evidence even if the defendant, by objecting to the PSR, made it more probable that the government would call the confidential informant.
I would hold that the district court did not err in concluding that Galaviz could have intended to obstruct his sentencing hearing by attempting to kill the confidential informant. At the time he entered the conspiracy, Galaviz’s sentencing remained pending. Galaviz filed an objection to the PSR on April 4, 2011; thus making a hearing on at least some issues probable. He then subsequently conspired to take the life of the confidential informant who had given incriminating statements against him that led to Galaviz’s guilty plea. Thus, at the time Galaviz entered into the conspiracy it was probable that the government would have called the confidential informant to testify at Galaviz’s sentencing hearing (which the informant ultimately did do). In my view, the fact that Galaviz knew that the confidential informant was a snitch[2] and assisted the government in its case against him, and the fact that Galaviz’s proceedings had not yet concluded, satisfies the intent requirement for § 3C1.1.
The majority’s interpretation of § 3C1.1 can lead to anomalous results. For instance, under the majority’s reading of § 3C1.1 intent requirement, if Galaviz succeeded in killing the government’s confidential informant, the district court could not impose an obstruction of justice enhancement although the government eventually called the confidential informant as a witness at Galaviz’s sentencing hearing. In other words, had Galaviz succeeded in his plot, the district court would not be able to impose an obstruction of justice enhancement even though Galaviz obstructed justice in his own case. Thus, the majority’s interpretation of § 3C1.1 would disallow application of an obstruction of justice enhancement in cases where the defendant may have obstructed justice in his or her own case.
“We review the district court’s construction of the advisory guidelines de novo and its associated factual findings for clear error.” United States v. Wisecarver, 644 F.3d 764, 773 (8th Cir.2011). On this record and briefing, I cannot conclude that the district court misconstrued the guideline or clearly erred in its factual findings and therefore respectfully dissent.

. A snitch is a negative slang term offenders use to describe an informant. White v. Fox, 470 Fed.Appx. 214, 220-21 (5th Cir.2012).

. Galaviz knew that Lopez was a snitch and an important snitch at that because Lopez purchased the gun from Galaviz, which the government used to apply the felon-in-possession of a firearm charge.