# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2270

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Ronnell Hearn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: October 3, 2012
Filed: November 6, 2012
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ronald Hearn pleaded guilty to escape from federal custody, in violation of 18 U.S.C. § 751(a). Having calculated an advisory Sentencing Guidelines range of 2-8

months in prison and 1-3 years of supervised release, the district court[1] varied upward to sentence Hearn to 12 months in prison, to be served consecutively to any previously imposed federal sentence, followed by 3 years of supervised release. On appeal Hearn's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable, and that supervised-release conditions relating to alcohol were unsupported.

We conclude that the district court neither committed significant procedural error nor imposed a substantively unreasonable sentence. See United States v. Farmer, 647 F.3d 1175, 1178 (8th Cir. 2011) (standard of review); see also United States v. Johnson, 688 F.3d 444, 448 (8th Cir. 2012) (listing circumstances where court abuses its discretion, resulting in unreasonable sentence); United States v. Mangum, 625 F.3d 466, 470 (8th Cir. 2010) (upward-variance sentence is reasonable where district court makes individualized assessment of 18 U.S.C. § 3553(a) factors based on facts presented, and considers defendant's proffered information); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing procedural error). We also conclude that imposition of the unobjected-to conditions of supervised release was not plain error. See United States v. Wisecarver, 644 F.3d 764, 775 (8th Cir. 2011) (standard of review).

Accordingly, we affirm the judgment of the district court. We also grant counsel's motion to withdraw, subject to counsel certifying that he has served a copy of the motion to withdraw upon the appellant and that he has advised the appellant as to the procedures for filing a petition for writ of certiorari pro se.

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.