# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3586

_____

United States of America

*Plaintiff - Appellee*

v.

Kentrell Vertner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: June 24, 2015
Filed: June 30, 2015
[Unpublished]

_____

Before SMITH, BOWMAN, COLLOTON, Circuit Judges.

_____

PER CURIAM.

Kentrell Vertner appeals from the judgment of conviction imposed by the District Court[1] after a jury found him guilty of an escape charge. Counsel has filed a

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

brief under Anders v. California, 386 U.S. 738 (1967), and Vertner has filed a pro se supplemental brief.

After careful review, we reject counsel's challenge to the District Court's refusal to give Vertner's proposed jury instructions on his duress defense. See United States v. Wisecarver, 644 F.3d 764, 772 (8th Cir.), cert. denied, 132 S. Ct. 533 (2011) (standard of review). The court's instruction fairly and adequately represented the law, namely, that it is a defendant's burden to prove the elements of a duress defense by a preponderance of the evidence. See Dixon v. United States, 548 U.S. 1, 17 (2006) (rejecting the petitioner's contention that the jury instructions erroneously required her to prove duress by a preponderance of the evidence instead of requiring the government to prove beyond a reasonable doubt that the petitioner did not act under duress). We also reject the argument—advanced in both the Anders brief and the pro se brief—that the District Court erred in excluding Vertner's proffered surrebuttal testimony. Because the government's rebuttal evidence did not raise a new matter, the court did not abuse its discretion in excluding the testimony. See United States v. Purkey, 428 F.3d 738, 759 (8th Cir. 2005), cert. denied, 549 U.S. 975 (2006).

Finally, we have independently reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and we find no nonfrivolous issues. We affirm the judgment of the District Court.

_____