# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2074

———————————————

United States of America

*Plaintiff - Appellee*

v.

Paris LaMonte Hunter

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: May 11, 2020
Filed: September 2, 2020
[Unpublished]

——————————

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Paris LaMonte Hunter pleaded guilty to two counts of production of child pornography in violation of 18 U.S.C. § 2251(a), (e). His advisory sentencing range under the U.S. Sentencing Guidelines was 360 to 1,200 months' imprisonment, with a statutory mandatory minimum of 300 months. Hunter requested a downward variance to the mandatory minimum. The government requested a sentence of 480

months. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court[1] imposed a within-Guidelines sentence of 380 months' imprisonment and a life-time term of supervised release. On appeal, Hunter argues that his sentence is not substantively reasonable.

We are highly deferential to the sentencing decisions of the district court and review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). We may presume that a sentence within the Guidelines range is reasonable. Id. Hunter "bears the burden of rebutting the presumption and showing that his sentence should have been lower." United States v. Bordman, 895 F.3d 1048, 1055 (8th Cir. 2018). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)).

Hunter argues the district court failed to give sufficient weight to his traumatic childhood. The district court was well aware of Hunter's upbringing and resulting circumstances, which were thoroughly briefed and supported by the parties, the probation office, and psychological reports. The district court acknowledged that Hunter presented mitigating circumstances for it to consider, but ultimately declined to vary downward based on the nature and circumstances of the instant offense and the need for the sentence imposed to protect the public and promote respect for the law. "[A]ssign[ing] relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the 'wide latitude [given] to individual district court judges in weighing relevant

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

-2-

factors.'" <u>United States v. Wisecarver</u>, 644 F.3d 764, 774 (8th Cir. 2011) (third alteration in original) (quoting <u>United States v. Foy</u>, 617 F.3d 1029, 1037 (8th Cir. 2010)). The district court acknowledged the significant length of the sentence imposed and made "an individualized assessment based on the facts presented." <u>Gall</u>, 552 U.S. at 50. We find no abuse of discretion in the district court's decision to impose a sentence near the bottom of the Guidelines range.

The judgment is affirmed.

_____