# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4010

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Eric Clark Webster, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 11, 2005
Filed:  April 4, 2006

_____

Before ARNOLD, BOWMAN, and MURPHY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

A jury convicted Eric Clark Webster of one count of being a prohibited person in possession of a firearm, and the District Court sentenced him to 262 months' imprisonment.  Webster appeals his conviction, arguing that the District Court erred in instructing the jury regarding his flight from police.  He also challenges his sentence.  We affirm Webster's conviction but vacate his sentence and remand his case for resentencing.

On January 16, 2002, employees at a Des Moines, Iowa, convenience store called police to report suspicious activity outside the store.  An officer responding to the call spotted Webster in the area driving without wearing a seat belt.  The officer

pulled his marked police car behind Webster's vehicle and activated the police car's emergency lights and siren. Instead of pulling over, Webster accelerated in an attempt to elude the officer. When the officer finally succeeded in stopping Webster's vehicle, the officer removed Webster and his passengers from the vehicle and saw in plain view a large plastic bag of marijuana and a .25 caliber Colt automatic pistol on the floor in front of the driver's seat.

Webster was indicted on one count of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At his arraignment, Webster was advised that his criminal history, including two Iowa felony convictions for operating a motor vehicle while intoxicated ("OWI") and an Iowa felony conviction for possession of a controlled substance with intent to deliver, would be used to seek an enhanced penalty under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e). After a two-day trial, the jury found Webster guilty of the § 922(g)(1) charge. The United States Probation Office prepared a presentence report ("PSR") recommending application of an enhanced penalty under the ACCA. At sentencing and over Webster's objection, the District Court determined that each of Webster's Iowa felony OWI convictions constituted a "violent felony" as defined in § 924(e)(2)(B)(ii). The District Court then calculated Webster's sentence pursuant to United States Sentencing Guidelines section 4B1.4, which implements the ACCA. With an offense level of 34 and a criminal history category of VI, Webster's guideline sentencing range under section 4B1.4 was 262 to 327 months' imprisonment. The District Court sentenced Webster to 262 months' imprisonment.[1]

On appeal, Webster argues that the District Court erred when it instructed the jury that his flight from police could be used to infer consciousness of guilt with respect to his possession of a firearm. Webster also challenges his sentence,

_____

[1]After receiving credit for time served on a related Iowa state conviction, Webster's actual sentence was 229 months' imprisonment.

contending that the District Court erred in concluding that his Iowa felony OWI convictions were violent felonies as defined in the ACCA and in applying section 4B1.4 of the sentencing guidelines in a mandatory fashion.

Webster first argues that the District Court erred in instructing the jury that it could consider his flight from police to infer consciousness of guilt. "We review challenges to jury instructions for an abuse of discretion." United States v. Wipf, 397 F.3d 632, 635 (8th Cir. 2005). We will "affirm if the entire charge to the jury, when read as a whole, fairly and adequately contains the law applicable to the case." United States v. Sdoulam, 398 F.3d 981, 993 (8th Cir. 2005) (internal citations and quotations omitted). And we will reverse only if we find that an instructional error was prejudicial to the defendant. United States v. Gianakos, 415 F.3d 912, 920 (8th Cir.), cert. denied, 126 S. Ct. 764 (2005). A flight instruction may be given when such an instruction is warranted by the evidence presented at trial. See United States v. Roy, 843 F.2d 305, 310 (8th Cir.), cert. denied, 487 U.S. 1222 (1988).

The District Court's Instruction 11 to the jury read:

You may also consider any evidence of flight by the defendant, along with all of the evidence in the case, and you may consider whether this evidence shows a consciousness of guilt and determine the significance to be attached to any such conduct.

Whether or not evidence of flight shows a consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury. In your consideration of the evidence of flight you should consider that there may be reasons for this which are fully consistent with innocence.

Webster argues that this instruction improperly allowed the jury to infer consciousness of guilt with respect to his alleged possession of a firearm when the evidence suggested that he had other reasons to flee the police, namely, that he knew there were

-3-

illegal drugs in the car and that he had violated a traffic law. We disagree. While the flight instruction allowed the jury to consider the flight evidence, it also instructed the jury to consider all the evidence admitted during the trial and determine what significance, if any, to attach to the flight evidence. The District Court properly left to the jury the issue of Webster's reason for fleeing from the police. That Webster may have had other possible reasons for fleeing from police "does not render evidence of the flight inadmissible to show consciousness of guilt" of the crime charged. Roy, 843 F.2d at 310; see also United States v. Clark, 45 F.3d 1247, 1251 (8th Cir. 1995). The District Court instructed the jury that there may have been any number of reasons for Webster to flee from police that were "fully consistent with innocence." The jury heard Webster's evidence on the other possible motives for his flight. Whatever weight the jury may have given the evidence of Webster's flight, there is sufficient other evidence in the record to support the conviction. In these circumstances, we see no abuse of discretion in the District Court's decision to give the flight instruction.

Webster next argues that the District Court erred in concluding that a felony OWI conviction under Iowa law is a "violent felony" as defined in the ACCA. The ACCA defines violent felony as a felony punishable by a prison term exceeding one year that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). After the parties filed their briefs and presented their arguments in this case, our court en banc issued an opinion in United States v. McCall, No. 04-1143, 2006 WL 625687, at *4 (8th Cir. Mar. 15, 2006) (en banc), in which we held that "*driving* while intoxicated . . . is . . . a violent felony under the 'otherwise involves' provision in § 924(e)(2)(B)(ii)." We therefore address Webster's arguments in light of our recent decision in McCall.

We turn first to the Iowa statute defining an OWI offense to determine what specific conduct is criminalized. In Iowa, a "person commits the offense of operating while intoxicated if the person operates a motor vehicle . . . [w]hile under the

-4-

influence of an alcoholic beverage or other drug." Iowa Code § 321J.2. The Iowa Supreme Court has defined "operate" for purposes of the OWI statute "as the immediate, actual physical control over a motor vehicle that is in motion and/or has its engine running." State v. Hopkins, 576 N.W.2d 374, 377 (Iowa 1998) (internal citations and quotations omitted). Thus, like the Missouri statute at issue in McCall, Iowa's OWI statute criminalizes "both driving a vehicle and merely causing the vehicle to function by starting its engine." McCall 2006 WL 625687, at *5. Because the Iowa statute criminalizes conduct other than *driving* while intoxicated, McCall instructs that we look to the judicial record, as limited by the United States Supreme Court in Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 125 S. Ct. 1254 (2005), to determine whether Webster's prior convictions involved *driving* while intoxicated and thus constitute violent felonies for purposes of § 924(e)(2)(B)(ii). Id. at *5–6.

As we noted in McCall, the Supreme Court held in Taylor that a state burglary conviction constitutes a violent felony if "'the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.'" Id. at *5 (quoting Taylor, 495 U.S. at 602). We also noted that in Shepard, the Court expanded this approach to include a guilty-plea conviction, but restricted the evidence admissible to prove that the defendant pleaded guilty to a generic burglary offense to "'the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" Id. (quoting Shepard, 125 S. Ct. at 1263). A review of the record on appeal in this case reveals that such evidence of Webster's guilty-plea convictions is absent.

Included in the record on appeal is Webster's PSR, which indicates that Webster pleaded guilty to two Iowa felony OWI offenses in 1992. With respect to the first offense, the PSR states that Webster "was observed by officers with the Des Moines

Police Department operating a white 1979 Ford Fairmont while under the influence of alcohol." PSR at 11. There is no assertion in the PSR that on this occasion Webster was *driving* the vehicle when he was observed by officers. With respect to the second OWI offense, the PSR states that Webster "was observed by officers operating a motor vehicle (a Nissan pickup). Officers became involved in a chase with the vehicle. Upon contact, officers observed the defendant had watery, bloodshot eyes, slurred speech, and a strong odor of alcohol on his breath. A [blood alcohol concentration] registered .158." Id. The PSR does assert that on this occasion, Webster was *driving* the vehicle when he was observed by officers. The PSR concludes that these two felony OWI convictions constitute violent felonies, and it recommends that Webster receive a sentence calculated under section 4B1.4 of the sentencing guidelines. Webster objected to the sentencing calculations included in the PSR and to all underlying facts on which those calculations were based.

We conclude that in these circumstances, the "fact recitals in the PSR are not an adequate basis for affirming" Webster's sentence. McCall, 2006 WL 625687, at *6. Webster objected to the calculation of his base offense level, the application of all sentencing enhancements, and the recitation of facts in the PSR. Faced with such objections, the government had an obligation at sentencing to introduce the documentary evidence Taylor or Shepard requires if it intended to rely on Webster's prior felony convictions to support an ACCA enhancement to Webster's sentence. Id. The record on appeal does not include the charging documents, written plea agreements, transcripts of plea colloquies, or comparable judicial records to establish that Webster pleaded guilty to two while-driving felony OWI offenses. Accordingly, we vacate the sentence imposed by the District Court and remand the case for further sentencing proceedings at which the court may allow the government to submit evidence admissible under Taylor or Shepard to establish that Webster's two prior felony OWI convictions involved *driving* while intoxicated and thus were violent felonies under § 924(e)(2)(B)(ii). The District Court may allow the parties to

supplement the sentencing record for this purpose.  Id.; United States v. Deroo, 304 F.3d 824, 828 (8th Cir. 2002).[2]

For the reasons set forth above, we affirm Webster's conviction, but we vacate his sentence and remand to the District Court for resentencing.

_____

[2]Because we are remanding Webster's case for further sentencing proceedings to determine whether his prior felony OWI convictions constitute violent felonies under § 924(e)(2)(B)(ii), we decline to address the arguments Webster raises based on United States v. Booker, 125 S. Ct. 738 (2005).  The District Court is aware of its duty on remand to impose a sentence in accordance with Booker.