# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1274

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Eric Clark Webster, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 13, 2007
Filed: May 8, 2008

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Eric Clark Webster was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At resentencing,[1] the District Court determined that Webster was subject to an enhanced penalty under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e), because he had four prior convictions for

_____

[1]This case is before us a second time. In United States v. Webster, 442 F.3d 1065, 1069 (8th Cir.), cert. denied, 127 S. Ct. 200 (2006), we affirmed Webster's conviction but vacated his sentence, remanding the case for resentencing in light of United States v. McCall, 439 F.3d 967, 972 (8th Cir. 2006) (en banc) (holding that driving while intoxicated is a violent felony under the Armed Career Criminal Act of 1984).

violent felonies or serious drug offenses. See 18 U.S.C. § 924(e)(1) (imposing a fifteen-year mandatory minimum sentence when a defendant has three previous convictions for "a violent felony or a serious drug offense, or both"). In applying the ACCA, the District Court considered two Iowa convictions for operating a motor vehicle while intoxicated (OWI). This application was consistent with United States v. McCall, 439 F.3d 967, 972 (8th Cir. 2006) (en banc), in which we held that driving while intoxicated was a violent felony under the ACCA. Because Webster was deemed an armed career criminal, his base offense level under the sentencing guidelines increased from 28 to 34, see U.S.S.G. § 4B1.4, and the District Court resentenced him to 229 months' imprisonment. After the District Court resentenced Webster, however, the Supreme Court decided Begay v. United States, 128 S. Ct. 1581 (2008). In Begay, the Court held that the crime of driving under the influence of alcohol is not a violent felony under the ACCA. Id. at 1583. In light of Begay, McCall is no longer good law on this point, and Webster's two prior felony convictions for OWI must not be considered in applying the ACCA. We therefore reverse the sentencing judgment of the District Court and remand the case for resentencing a second time.

_____