# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2105

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Allen Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 14, 2014
Filed: July 25, 2014
[Unpublished]

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael Smith was convicted of two firearms-related offenses involving his possession of a sawed-off shotgun in April 2012. Over Smith's objection, the district

court[1] instructed the jury that it may, but was not required to consider Smith's flight from police officers as evidence of guilt. Smith also avers that the government improperly shifted the burden of proof to the defense during closing arguments. We affirm.

## I. *Background*

Two patrolling Minneapolis police officers answered a call about an armed robbery nearby. While driving up the street on which the robbery occurred, officers observed a man, later identified as Smith, walking in the same direction. They shined their patrol light on him, whereupon Smith turned into a vacant lot and continued walking. One officer testified that he saw the man "pull a long object out from his pants," drop it, and run away. The officers yelled at him to stop, but it is unclear whether they identified themselves as police officers. One gave chase while the other picked up the dropped object—a sawed-off shotgun. Smith admitted at trial that he continued to run after he realized that police were chasing him. Officers apprehended Smith a few blocks from the discarded shotgun.

Smith was charged with being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a), and 924(e), and possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871. At trial, the government proposed—and Smith objected to—a "flight instruction" for the jury. With a flight instruction, the jury could, but need not, consider Smith's flight from police as evidence of guilt. The court gave the flight instruction at trial.

During closing arguments the parties argued over the nature of DNA evidence recovered from the gun. Smith argued that the government did not check the DNA found on the shotgun against the criminal offender database because "the hard

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

-2-

physical evidence [and] the DNA . . . don't match [the officers'] story." The government responded that the defense "can request what evidence they want" but did not request a comparison of the DNA on the gun to the criminal offender database. Smith objected, arguing that the government's reply improperly "put[ ] the burden on Mr. Smith and the defense to prove his innocence."

During a sidebar conference, Smith requested a curative instruction "that it is always the Government's burden to prove that the Defendant is guilty beyond a reasonable doubt. The Defendant has no burden whatsoever to present evidence to [the jury] or to prove anything to [the jury]." Smith requested that this instruction "come in right away." Immediately after the conference, the court issued the curative instruction that Smith requested. During final instructions, the court again instructed the jury as to the government's burden of proof. The jury found Smith guilty on both charged counts.

II. *Discussion*

Smith argues that the district court erred by giving the flight instruction because the evidence enabled the jury to find an innocent explanation for running from the officers. Smith avers that "[t]he evidence that Michael Smith knew that his armed pursuers were in fact police officers was outweighed by the evidence that he did not know who was chasing him."

"We review a district court's decision whether to instruct the jury on flight for an abuse of discretion. A flight instruction may be given when such an instruction is warranted by the evidence presented at trial." *United States v. El-Alamin*, 574 F.3d 915, 927 (8th Cir. 2009) (citing *United States v. Webster*, 442 F.3d 1065, 1067 (8th Cir.2006)). Here, the government presented evidence that Smith began running after seeing the officers in their marked patrol car. Smith admitted that he continued running for at least a block after he knew that police were chasing him. While Smith

offered an innocent explanation for running, that alone does not preclude giving of a flight instruction. *Id*. The district court did not err by giving the flight instruction.

Smith also contends that the government improperly shifted the burden of proof to the defense during closing arguments. He contends that this amounts to prosecutorial misconduct.

> "To obtain a reversal for prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial." *United States v. King*, 36 F.3d 728, 733 (8th Cir. 1994). If we find the comments were improper, we consider the cumulative effect of the improprieties, the strength of the evidence against the defendant, and whether the district court took any curative action. *United States v. Beckman*, 222 F.3d 512, 526 (8th Cir. 2000).

*United States v. Milk*, 447 F.3d 593, 602 (8th Cir. 2006).

Assuming without deciding that the prosecutor's closing argument was improper, we find no prejudice. Smith requested a curative instruction. The court delivered almost verbatim the requested instruction. The court repeated the appropriate burden of proof during final instructions. "It is presumed that a jury will follow a curative instruction unless there is an overwhelming probability that it was unable to do so." *United States v. Uphoff*, 232 F.3d 624, 626 (8th Cir. 2000) (citation and quotation omitted). Smith has not presented any persuasive argument that the jury was unable to follow the instructions given and has thus failed to demonstrate prejudice.

### III. *Conclusion*

The judgment of the district court is affirmed.

_____