**UNITED STATES COURT OF APPEALS**

**July 15, 2015**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CARLOS MANUEL MENDEZ,

     Defendant - Appellant.

No. 14-4078
(D.C. No. 1:10-CR-00037-CW-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **SEYMOUR**, and **GORSUCH**, Circuit Judges.

     Carlos Mendez seeks to overturn his federal drug and gun convictions. Most of his brief focuses on his trial counsel's performance, contending it was sufficiently deficient and prejudicial that it violated his Sixth Amendment right to effective assistance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Two separate problems attend this line of argument.

     First, ineffective assistance claims are traditionally heard on collateral review under 28 U.S.C. § 2255, not on direct appeal. When a litigant seeks to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

raise them on direct appeal, they "are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). This court follows that rule for good reason: usually we can't assess the quality of a trial lawyer's actions or determine their prejudicial impact without a fully developed record, including testimony from the lawyer and evidence about the strategic choices (the witnesses, the evidence, the experts, and the like) that were and were not available to him. *Id.* Of course, our rule bears "a narrow exception" for rare cases where ineffective assistance is so obvious from the trial record alone that further development isn't necessary to be sure a Sixth Amendment violation has occurred. *United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011). But in our judgment this is not that sort of rare case.

Second, some (but not all) of the ineffective assistance claims Mr. Mendez seeks to pursue in this appeal he has already pursued and lost in the kind of § 2255 proceeding our rule favors. Mr. Mendez alleges that his trial counsel should've called two witnesses that he didn't — and that this failure was prejudicial to him. But Mr. Mendez raised this very argument in district court in a § 2255 motion, which he lost. To obtain review of that ruling in this court he would have had to seek and obtain a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B), something he has never attempted despite able assistance from counsel. Neither may we overlook this oversight ourselves for the COA

requirement is a jurisdictional one. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).

Beyond his ineffective assistance arguments and at the end of his opening brief Mr. Mendez briefly contends that we should reverse his convictions because of two sets of alleged trial errors we may consider in this direct appeal. One set relates to the prosecutor's comments before the jury; the other concerns the district court's jury instructions. Both of these arguments, Mr. Mendez acknowledges, are subject to our plain error standard of review for they were not timely raised in the district court. *United States v. Fabiano*, 169 F.3d 1299, 1302-03 (10th Cir. 1999) (unpreserved errors only warrant reversal if they are clear, affect substantial rights, and seriously affect the fairness, integrity, or public reputation of judicial proceedings).

Mr. Mendez complains that the prosecutor improperly argued to the jury that this case implicated "public safety" because Mr. Mendez, a felon barred from possessing guns in the first place, was caught running from police in a residential neighborhood while carrying a sawed-off rifle. In Mr. Mendez's view, the prosecutor's comments suggested to the jury that it should decide the case based on public policy concerns rather than the facts or the law. We are not so sure the comments he points to suggest quite that much. But even assuming — without deciding — that they do and that they were plainly improper we still don't see how they affected Mr. Mendez's substantial rights — as we must to satisfy the

third prong of the plain error test. The evidence adduced at trial was strong: Mr. Mendez was seen dropping the gun that formed the basis of his gun convictions while he was running from the police, and the methamphetamine that formed the basis of his drug conviction was found on his person. Mr. Mendez's trial attorney himself apparently didn't see the public safety comments as a great disadvantage for not only didn't he object, he pressed the point to his advantage, going out of his way to stress that the pursuing officer's failure to mention a firearm in calling for backup showed Mr. Mendez posed no public safety danger. Finally, the district court instructed the jury both before opening and closing argument that contentions by counsel do not evidence make. Taking these considerations together, we don't see here the sort of threat to Mr. Mendez's right to a fair hearing that might justify a second trial.

When it comes to the jury instructions, Mr. Mendez points to two he believes are problematic. The first advised the jury that its focus should be on the question whether the evidence the government did present showed guilt beyond a reasonable doubt, not on the question whether the government might have produced more evidence still. In Mr. Mendez's telling, this instruction gutted an element of his trial strategy, which hinged on the argument that the government could've produced more than eyewitness testimony (things like DNA evidence) against him. But the invited error doctrine precludes us from reaching the issue because Mr. Mendez's counsel expressly stipulated to the instruction in question.

*See United States v. Cornelius*, 696 F.3d 1307, 1319 (10th Cir. 2012). Mr. Mendez's final complaint concerns an instruction in which the court advised the jury that it could consider his flight as evidence suggestive of guilt. But we cannot see how any conceivable error here was plain for much of the instruction was drawn from *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000), and in relevant respects it mirrors language the Eighth Circuit approved in *United States v. Webster*, 442 F.3d 1065, 1067 (8th Cir. 2006).

This appeal is dismissed for lack of jurisdiction as to the two claims the district court rejected in disposing of Mr. Mendez's § 2255 motion. The district court's judgment is otherwise affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge