# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3367

_____

United States of America

*Plaintiff - Appellee*

v.

John Randall Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: October 18, 2019
Filed: February 14, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted John Randall Clark of violating 18 U.S.C. § 2250(a), part of the Sex Offender Registration and Notification Act (SORNA), by failing to register

as a sex offender in Iowa. The district court[1] sentenced Clark to 36 months' imprisonment. Clark appeals his conviction, arguing that the district court abused its discretion in giving a second supplemental jury instruction. We affirm.

## I. *Background*

In 2013, Clark was convicted of causing a child to view sexual activity in Wisconsin, was sentenced to three years' imprisonment, and was ordered to register as a sex offender. Clark served his time, but, in 2017, he was arrested for possessing marijuana and for violating his probation and sex offender registration requirements. At the time of Clark's second release from the Wisconsin Department of Corrections (DOC), the Wisconsin DOC granted Clark's request to transfer Clark's probation to Iowa and advised Clark that he must continue to register as a sex offender in Wisconsin and out of state. Clark also updated his Wisconsin sex offender registration.

After being released, in February 2018, Clark met with his Iowa probation officer to discuss his sex offender intake packet and probation. In the packet, the "Iowa Sex Offender Registry Instructions" explained that Clark needed to register as a sex offender in his county of residence immediately and directed him to contact the sheriff's office to schedule an appointment within 24 hours of receiving the packet. Clark met with his probation officer two more times. Again, the probation officer reminded Clark to register in Iowa. Clark never appeared confused by the probation officer's instructions and never asked any questions. However, Clark never registered as a sex offender in Iowa.

In March 2018, law enforcement officers went to Clark's residence to discuss his failure to register. Clark insisted that his failure to register was unintentional. On

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

April 25, 2018, a grand jury charged Clark with failure to register as a sex offender. *See* 18 U.S.C. § 2250(a) ("Whoever . . . is required to register under the [SORNA]; . . . travels in interstate or foreign commerce . . . ; and . . . knowingly fails to register or update a registration as required by the [SORNA]. . . shall be fined under this title or imprisoned not more than 10 years, or both."). In July 2018, Clark went to trial. In the preliminary jury instructions, the district court defined "knowingly":

> An act is done "knowingly" in this case if the defendant was aware he had to register and he intentionally did not do so, rather than that he failed to act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly and intentionally in this case.

Prelim. Instrs. to the Jury at 5, *United States v. Clark*, No. 4:18-cr-00086-JAJ (S.D. Iowa July 5, 2018), ECF No. 53.

Additionally, in the final jury instructions, the district court said that "[t]he government must prove beyond a reasonable doubt that the defendant knew he had to register and intentionally did not do so, but the government does not have to prove that the defendant knew he was violating federal law." Final Instrs. to the Jury at 3, *United States v. Clark*, No. 4:18-cr-00086-JAJ (S.D. Iowa July 6, 2018), ECF No. 57. During the jury's deliberation, the jury asked the district court for clarification on the difference between the terms "knowingly failed" and "intent" in Clark's case. The district court answered:

> To prove that an act was done knowingly, the government is not required to prove that the defendant knew that his acts or omissions were unlawful. An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the

-3-

defendant acted knowingly. Intent is given its commonly understood meaning.

Answer to Jury Question at 1, *United States v. Clark*, No. 4:18-cr-00086-JAJ (S.D. Iowa July 6, 2018), ECF No. 61.

An hour later, the jury asked a second question to the district court. The jury explained that it wanted to know whether to rely on the latest response from the district court about the definition of knowingly or to rely on the original jury instruction. The district court responded:

> The instructions I have given to you are accurate and consistent. If the defendant was aware of the registration requirement (including the obligation to be physically present at the sheriff's office) and failed to do so, it was a knowing failure. If the defendant was not aware of the registration requirement because of ignorance, mistake or accident, it was not a knowing failure.

Second Answer to Jury Question at 1, *United States v. Clark*, No. 4:18-cr-00086-JAJ (S.D. Iowa July 6, 2018), ECF No. 63.

Clark objected to the district court's response to the jury's question, explaining that it was inaccurate because Clark had to be "aware of the registration requirement and intentionally fail[] to do it." Trial Tr. at 172, *United States v. Clark*, No. 4:18-cr-00086-JAJ (S.D. Iowa July 6, 2018), ECF No. 97. The district court overruled the objection. The jury returned a guilty verdict, and the district court sentenced Clark to 36 months' imprisonment.

## II. *Discussion*

We review a district court's jury instructions for an abuse of discretion and affirm "if the entire charge to the jury, when read as a whole, fairly and adequately

contains the law applicable to the case." *United States v. Wisecarver*, 644 F.3d 764, 772 (8th Cir. 2011) (quoting *United States v. Webster*, 442 F.3d 1065, 1067 (8th Cir. 2006)). We will reverse only if the district court's jury instruction was prejudicial to Clark. *Id.* A district court should make sure "that any supplemental instructions given are accurate, clear, neutral and non-prejudicial." *United States v. Jenkins*, 792 F.3d 931, 935 (8th Cir. 2015) (quoting *United States v. Felici*, 54 F.3d 504, 507 (8th Cir. 1995)). Further, "when a jury explicitly requests a supplemental instruction, a trial court must take great care to ensure that any supplemental instructions are accurate and clear." *United States v. Wisecarver*, 598 F.3d 982, 989 (8th Cir. 2010) (cleaned up).

Clark argues that the district court erred in giving the second supplemental jury instruction regarding the definition of knowledge. Specifically, Clark takes issue with the district court's instruction that "[i]f the defendant was aware of the registration requirement (including the obligation to be physically present at the sheriff's office) and failed to do so, it was a knowing failure." Second Answer to Jury Question at 1. He argues that the second supplemental jury instruction essentially directed the jury to disregard the mistake-of-fact defense.

Clark's argument fails. The district court simply reiterated the definition of a "knowing" violation. "Knowingly" only "requires proof of knowledge of the facts that constitute the offense." *United States v. Voice*, 622 F.3d 870, 876 (8th Cir. 2010) (quoting *Bryan v. United States*, 524 U.S. 184, 193 (1998)). For example, in *Voice*, a district court did not err when it refused to give an instruction on the defense's theory that the defendant was not aware that his moving qualified as a change of residence that triggered his obligation to register in a new place. *Id.* As this court explained, a "knowing" violation of § 2250(a) does not require proof that the defendant "knew his actions triggered an obligation to update his registration." *Id.* Therefore, in the present case, the district court surpassed the *Voice* standard by instructing the jury that Clark needed to be aware of the obligation to register at the

-5-

Iowa sheriff's office. Clark need only know of his obligation to register upon changing residences and fail to meet that obligation. *Id.*

In addition, as in *Voice*, the district court instructed the jury to consider the defense that Clark's failure to register was a result of "ignorance, mistake, or accident." *See id.* The jury, however, rejected Clark's mistake-of-fact defense. We read the jury instructions "as a whole," *Wisecarver*, 644 F.3d at 772 (quoting *Webster*, 442 F.3d at 1067), and the second sentence of the Second Answer to Jury Question clearly restated the "ignorance, mistake, or accident" defense that had been previously mentioned in preliminary jury instructions and the First Answer to Jury Question. *See* Second Answer to Jury Question at 1. This second sentence shows that, contrary to Clark's argument, the district court did not tell the jury to disregard the mistake-of-fact defense. When read as a whole, the district court's supplemental instruction was "accurate, clear, neutral, and non-prejudicial, answering with concrete accuracy, and within the specific limits of the question presented." *United States v. Hudspeth*, 525 F.3d 667, 679 (8th Cir. 2008) (cleaned up). Therefore, the district court did not abuse its discretion and correctly instructed the jury on the knowledge element of § 2250(a).

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____