# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3981

_____

United States of America

*Plaintiff - Appellee*

v.

Jason L. Tuberville

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 18, 2017
Filed: October 5, 2017
[Unpublished]

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jason Tuberville appeals the district court's[1] judgment sentencing him to fourteen months imprisonment following revocation of his supervised release. But

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Tuberville completed that sentence before his appeal was submitted to this panel. Therefore, his appeal is moot.

On May 29, 2012, Tuberville began a sixty-month term of supervised release after serving a sentence for conspiracy to distribute cocaine. On several occasions from 2012 to 2016, Tuberville violated the terms of his supervised release. On October 5, 2016, the district court revoked Tuberville's supervised release and sentenced him to fourteen months imprisonment with no supervised release to follow. Tuberville filed this appeal, arguing that the district court committed procedural error by imposing sentence without explicitly referencing the revocation table at USSG § 7B1.4. He requests that we vacate his sentence and remand for resentencing. On July 28, 2017, Tuberville completed his sentence and was released from federal custody.

Before we can proceed to the merits of any appeal, we must satisfy ourselves that we have jurisdiction. We are "without power to decide questions that cannot affect the rights of litigants." North Carolina v. Rice, 404 U.S. 244, 246 (1971). When an inmate's sentence has been discharged, he can only maintain an appeal of that sentence if there is some "collateral consequence" of the incarceration. Spencer v. Kemna, 523 U.S. 1, 7 (1998). In other words, the inmate must demonstrate that he has a "concrete and continuing injury other than the now-ended incarceration or parole." Id.

Tuberville has not made the necessary showing. His appeal seeks only resentencing, his sentence is discharged and was not followed by a term of supervised release, and he has not identified any collateral consequences that amount to a concrete and continuing injury. As such, there is no case or controversy for this court to resolve. The appeal is dismissed as moot.

_____