# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1582

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua James Hill

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 13, 2018
Filed: May 14, 2018

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

Joshua James Hill pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. The district court sentenced him to 84 months' imprisonment. After prison, he violated the conditions of his supervised release. The district court revoked his release, sentencing him to 18 months' imprisonment and 24 months' supervised release. He appeals the sentence and one

condition of release. Having jurisdiction under 28 U.S.C. § 1291, this court vacates mandatory condition of supervised release #6 and remands.

Hill argues his within-guidelines sentence is substantively unreasonable. On February 16, 2018, Hill completed his sentence and was released from federal custody. Therefore, the appeal of the length of his sentence is moot. *See United States v. Tuberville*, 698 Fed. Appx. 315, 315-16 (8th Cir. 2017).

Hill challenges mandatory condition of supervised release #6, requiring he "participate in an approved program for domestic violence." This court has jurisdiction to consider this part of the appeal because he is on supervised release. *See id.* Hill did not object to this condition at sentencing, so review is for plain error. *United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003). "To obtain relief under a plain-error standard of review, the party seeking relief must show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Schultz*, 845 F.3d 879, 881 (8th Cir. 2017).

A district court has "wide discretion" to impose conditions of supervised release. *United States v. Durham*, 618 F.3d 921, 944 (8th Cir. 2010). But such conditions "must satisfy the requirements set out in 18 U.S.C. § 3583(d)." *Id.*

> First, the special conditions must be "reasonably related" to . . . the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical or other correctional needs. Second, the conditions must "involve[ ] no greater deprivation of liberty than is reasonably necessary" to advance deterrence, the protection of the public from future crimes of the defendant, and the defendant's

correctional needs. Finally, the conditions must be consistent with any pertinent policy statements issued by the [United States Sentencing Commission].

*Id.*, *quoting* **United States v. Crume**, 422 F.3d 728, 733 (8th Cir. 2005).

In 2016, Hill was arrested and charged in state court with domestic violence. In the "Amended Petition for Warrant or Summons for Offender Under Supervision" in federal court, the probation officer alleged:

> On September 23, 2016, at 04:02 hours, a domestic disturbance took place at Mr. Hill's current residence. His girlfriend, Ms. Andrea Smith, advised Omaha police officers that she and her boyfriend, Mr. Hill, were arguing about who she could be friends with on social media. Mr. Hill eventually threw her onto the floor and slapped her face, leaving a bruise on her right cheek. Mr. Hill is being charged with misdemeanor third degree domestic assault for this incident. A warrant was issued out of Douglas County Court on October 26, 2016 for this offense. A pretrial hearing is set for December 9, 2016 at 10 A.M. at the Douglas County Court.

Hill denied the allegation. The government produced no evidence of domestic assault. On the government's motion, the court dismissed the allegation. (The charge also was dismissed in state court). Hill has no other documented history of violence, domestic or otherwise. Still, in the probation officer's "Adjustment Report and Recommendation for Offender Under Supervision," it recommended a condition of supervision for "Mr. Hill to complete domestic violence programming." The government repeated this recommendation at sentencing: "And also the probation officer is recommending that he participate in a domestic violence programming as part of that term of supervised release." The district court adopted the recommendation without explanation.

The dismissed domestic assault allegation "fail[s] to establish the factual or evidentiary basis necessary to impose [domestic violence] counseling." *United States v. Bertucci*, 794 F.3d 925, 931 (8th Cir. 2015). "To be sure, [the "Amended Petition"] does contain allegations that, *if* proven true, would support the district court's decision." *Id.* at 931-32. But the allegations, and the corresponding state charge, were dismissed—meaning the evidence of domestic assault "consists of only bare and unproven accusations of misconduct from other cases." *Id.* at 932. "That alone cannot constitute a sufficient basis for requiring [domestic violence] counseling." *Id.* ("[A]n indictment is simply an accusation. It is not evidence of anything."). "The record is insufficient to support imposition of the condition." *Id.* The district court erred in imposing it. *See id.*; *United States v. Wisecarver*, 644 F.3d 764, 775 (8th Cir. 2011) (holding that the district court's failure to explain the imposition of three conditions of release that were not supported by any "evidence in the extensive record" was "an error that is plain under current law").

The error affected Hill's substantial rights. *See Wisecarver*, 644 F.3d at 775-76 (holding that imposition of a condition based on the government's "purely speculative" contention that it is necessary "affects substantial rights"); *United States v. Abbouchi*, 502 F.3d 850, 858 (9th Cir. 2007) (finding plain error where the "only evidence . . . to support the domestic violence condition was a paragraph in the Presentence Report suggesting 'strains' in [the defendant's] relationship with his wife and that he and his wife had separated"). *See also United States v. Olano*, 507 U.S. 725, 734 (1993) (holding that in most cases, error affects substantial rights when it "affect[s] the outcome of the district court proceedings"); *United States v. Perazza–Mercado*, 553 F.3d 65, 78 (1st Cir. 2009) ("[T]here is a reasonable probability that the court might not have imposed the prohibition if it had fulfilled its obligation to explain the basis for the condition or at least made sure that the record illuminated the basis for the condition.").

Due to the lack of record evidence to support the condition and the "complete lack of explanation" for its imposition, the error "also substantially affects the fairness, integrity, or public reputation of judicial proceedings." *Wisecarver*, 644 F.3d at 776; *Abbouchi*, 502 F.3d at 858, *citing* *Johnson v. United States*, 520 U.S. 461, 469 (1997).

The district court plainly erred in ordering the domestic violence condition.

\* \* \* \* \* \* \* \*

The sentence is vacated with respect to mandatory condition #6, and the case remanded for proceedings consistent with this opinion.

_____