# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3768
_____

United States of America

*Plaintiff - Appellee*

v.

Jay Don Gifford

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: December 14, 2020
Filed: March 19, 2021
[Published]
_____

Before SMITH, Chief Judge, LOKEN and MELLOY, Circuit Judges.
_____

PER CURIAM.

Jay Don Gifford pleaded guilty to producing child pornography under 18 U.S.C. § 2251 and to committing a felony against a minor while being a registered

sex offender under 18 U.S.C. § 2260A. The district court[1] sentenced Gifford to 300 months' imprisonment for the production conviction and 120 months' imprisonment for the § 2260A conviction, running consecutively. The district court also imposed life terms of supervised release for both counts. Gifford challenges the substantive reasonableness of his total imprisonment and the imposition of a life term of supervised release for the § 2260A conviction. We affirm the district court's sentence.

## I. *Background*

In 2011, Gifford was convicted of a sex offense against a two-year-old child and was required to register as a sex offender. In October 2018, federal law enforcement received a tip that Gifford had uploaded 90 videos of suspected child pornography.

At the time, Gifford was living with his mother. When law enforcement arrived at the house and informed Gifford's mother they were looking for him, she took them to Gifford's room. Gifford gave permission for law enforcement to search his room, and he gave them two cellphones, two memory cards, and a laptop. While talking with law enforcement, Gifford told them that he viewed child pornography on his cellphone and laptop and showed them multiple images and videos he had saved on his electronic devices.

Some of the child pornography featured Gifford with two minor girls. One was ten years old; the other was seven years old. The two girls were the daughters of a couple that lived with Gifford and his mother. The videos and pictures contained sexually explicit images involving the two girls, including nude and partially nude pictures of the ten-year-old, video of Gifford inappropriately touching the girls over their clothes, video of the girls touching Gifford's genitals, and video of Gifford

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

rubbing his penis on the girls. Also, a forensic examination of Gifford's electronic devices found over 10,000 images and 1,300 videos of child pornography and over 1,000 saved internet addresses related to child pornography.

The government brought charges against Gifford for production of child pornography and commission of a sex offense against a minor while being registered sex offender. After the indictment, Gifford underwent a psychiatric examination to determine his competency for trial. Gifford was diagnosed with "Other Specified Personality Disorder, with Schizoid and Dependent Traits" and "Persistent Depressive Disorder (Dysthymia) with Anxious Distress." Psychiatric Report at 8, *United States v. Gifford*, No. 2:19-cr-20008-PKH-1 (W.D. Ark. 2019), ECF No. 20. The report also indicated that his General Ability Index score, which is similar to an IQ score, was 82 and "in the low average level of intelligence." *Id.* at 7. But it concluded that "these deficits appear[ed] unrelated to his present competency." *Id.* at 11.

Gifford eventually pleaded guilty to violating § 2251 for production of child pornography and § 2260A for commission of a sex offense against a minor by a registered sex offender. At the sentencing hearing, counsel presented the above facts, and the district court reviewed Gifford's two letters of support, heard from the girls' mother, and analyzed the sentencing factors in 18 U.S.C. § 3553(a).

The district court sentenced Gifford to 300 months' imprisonment on the § 2251 conviction—a 60-month downward variance from the Sentencing Guidelines' suggested range. For the § 2260A conviction, it sentenced Gifford to the statutorily mandated 10 years' imprisonment. The district court also sentenced Gifford to a life term of supervised release on both counts. A life term of supervised release was within the Guidelines range for the § 2251 conviction, but the statutory maximum for the § 2260A conviction was three years of supervised release. Gifford appeals his sentence.

## II. *Discussion*

Gifford makes two arguments on appeal. First, he argues that the district court imposed a substantively unreasonable sentence, totaling 420 consecutive months of imprisonment. Second, he argues that the district court erred by imposing a life term of supervised release for his § 2260A conviction.

## A. *Substantive Reasonableness*

We review the substantive reasonableness of Gifford's sentence for an abuse of discretion. *United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017). The district court abused its discretion only if it (1) "fail[ed] to consider a relevant factor that should have received significant weight," (2) "g[ave] significant weight to an improper or irrelevant factor," or (3) "consider[ed] only the appropriate factors but in weighing them commit[ted] a clear error of judgment." *Id.* (quoting *United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011)). Further, when a sentence is within the Guidelines range, it is presumptively reasonable. *Id.* (quoting *United States v. Scales*, 735 F.3d 1048, 1052 (8th Cir. 2013)). And when the sentence is below the Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Elodio-Benitez*, 672 F.3d 584, 586 (8th Cir. 2012) (quoting *United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009)). It is Gifford's burden to overcome these presumptions. *Funke*, 846 F.3d at 1000.

During sentencing, district courts must consider

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed [to provide just punishment, protect the public, and meet other criteria]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established . . . ; (5) any pertinent policy statement . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, the district court sentenced Gifford to 300 months' imprisonment for the § 2251 conviction—a 60-month downward variance from the Guidelines range. And, as required by statute, the district court added 120 months' imprisonment to that sentence based on Gifford's § 2260A conviction, running consecutively. According to Gifford, the district court erred by improperly weighing the facts of his case and ignoring important mitigating factors. Gifford's list of unaccounted-for factors include that he was 26 years old, has some intellectual deficits and mental-health problems, has never lived independently, needs help managing finances, needs reminders for personal care, and has had previous depressive periods. Gifford also argues that the district court failed to account for sentencing disparities.

The district court, however, considered all these supposedly overlooked factors. It expressly "recognize[d] . . . his history," acknowledged that Gifford "has some mental deficit, . . . a low IQ, and had some difficulty regarding his living deficits," and that "he's 26 years [old]." Tr. of Sentencing Proceedings at 19–20, *United States v. Gifford*, No. 2:19-cr-20008-PKH-1 (W.D. Ark. 2019), ECF No. 55. But the district court found that "the seriousness of the offense" outweighed these factors. *Id.* at 20. The district court considered Gifford's case to be "one of the more serious production of child pornography cases that [it] ha[d] seen." *Id.* at 19. The district court discussed how Gifford "took advantage" of living in a house with two minor girls and recounted the quantity and types of child pornography stored on his electronic devices. *Id.* It also considered Gifford's prior sex offense against a minor, which "apparently [did] not deter[]" Gifford. *Id.* at 21. Thus, it was "necessary [to] . . . impose a sentence that protects the public from further crimes." *Id.*

The district court also accounted for potential sentencing disparities, noting it was "required to avoid unwarranted sentence disparities." *Id.* at 21. The district court compared two of its previous production cases to Gifford's. Both of those defendants received sentences of at least 300 months' imprisonment. Gifford's length of imprisonment exceeds the others because, unlike those defendants, Gifford also had a § 2260A conviction, which mandated an additional 120 months be added to the end of his other sentence. *See* § 2260A (stating that a defendant convicted under the statute "shall be sentenced to a term of imprisonment of 10 years" and "[t]he sentence imposed under this section shall be consecutive to any sentence imposed").

District courts have "substantial latitude to determine how much weight to give" each § 3553(a) factor. *United States v. Peterson*, 887 F.3d 343, 349 (8th Cir. 2018) (quoting *United States v. Ford*, 705 F.3d 387, 389 (8th Cir. 2013)). The district court did not exceed its substantial latitude here.

B. *Life Term of Supervised Release for § 2260A*

Gifford did not object to the district court's imposition of a life term of supervised release for his § 2260A conviction. Thus, we review for plain error. *United States v. Hill*, 889 F.3d 953, 954 (8th Cir. 2018). There is plain error when the district court committed an error that was clear or obvious under current law and that affected the party's substantial rights. *Id.* Further, the error must "seriously affect[] the fairness, integrity or public reputation of judicial proceedings" for us to overrule the district court. *Id.* (quoting *United States v. Schultz*, 845 F.3d 879, 881 (8th Cir. 2017)).

The district court erred in imposing a life term of supervised release for Gifford's § 2260A conviction. A violation of § 2260A, is a Class C felony because it carries a ten-year sentence. 18 U.S.C. § 3559(a)(3). And "the authorized terms of supervised release . . . for a Class C . . . felony" is "not more than three years." 18 U.S.C. § 3583(b)(2). Because a life term of supervised release exceeds three years of supervised release, the district court committed an error that was plain.

-6-

But the error did not affect Gifford's substantial rights. An error affects substantial rights if there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. House*, 923 F.3d 512, 515 (8th Cir. 2019) (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018)). Gifford received two consecutively running life terms of supervised release—one for his § 2260A conviction and the other for his § 2251 conviction. Even if the term imposed for his violation of § 2260A were eliminated, Gifford would still be subject to a life term of supervised release for the § 2251 conviction. Consequently, there is no prejudice from the court's error.

We held similarly in *United States v. Williams*, 910 F.3d 1084 (8th Cir. 2018). In *Williams*, the district court sentenced the defendant to two sentences of 150 months' imprisonment, running concurrently. *Id.* at 1094. In that case, the defendant properly received a sentence of 150 months' imprisonment for one conviction. *Id.* But for the other conviction, 150 months' imprisonment exceeded the 60-month statutory maximum. *Id.* Although we acknowledged that the district court committed an error, we held that the defendant's substantial rights were not affected because he had not "show[n] that the district court could not have sentenced him to the same total punishment [i.e., 150 months' imprisonment] because the district court 'legally imposed that sentence on a separate count.'" *Id.* at 1095 (quoting *United States v. Bossany*, 678 F.3d 603, 607 (8th Cir. 2012)). Thus, the defendant "ha[d] failed to demonstrate a reasonable probability that he would have received a more favorable sentence, accounting for the correct statutory maximum." *Id.*

We likewise affirm. Gifford has not shown a reasonable probability that the district court would have given him a more favorable sentence had no error been committed; the district court could have sentenced Gifford to a life term of supervised release under § 2251, regardless of the error under § 2260A.

### III. *Conclusion*

Accordingly, we affirm Gifford's sentence.

_____