United States Court of Appeals

For the Eighth Circuit

_____

No. 20-2665
_____

United States of America

*Plaintiff - Appellee*

v.

Shannon Smalley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: March 24, 2021
Filed: April 8, 2021
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Shannon Smalley was released to a term of supervised release after being in the custody of the Bureau of Prisons for a conviction for receipt and distribution of child pornography under 18 U.S.C. §2252(a)(2). Smalley's supervision was revoked on July 16, 2020, and he was sentenced to six months in prison to be followed by a five-

year term of supervision. The district court[1] reimposed prior modified conditions of supervision and imposed four new conditions of supervision. Smalley appeals.

In counseled and pro se briefs, Smalley challenges both the new term of supervised release, and the new conditions of supervised release. Smalley also raises pro se challenges concerning the constitutionality of a revocation term of imprisonment imposed without a trial, the reimposed conditions of supervision, the factual basis for the violation underlying the revocation, the legality of the search resulting in the discovery of a cell phone in his vehicle, the propriety of images located on the phone, and counsel's representation.

During the revocation hearing, the parties jointly recommended a revocation sentence of six months in prison followed by five years of supervised release, and the district court adopted the recommendation and imposed the recommended sentence. Smalley's recommendation that the court impose the sentence actually imposed forecloses a challenge to the reasonableness of the supervised release term. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."). And, Smalley's challenges to his prison sentence itself are now moot in light of his January release. See United States v. Hill, 889 F.3d 953, 954 (8th Cir. 2018).

As to the new conditions of supervised release, the record shows that the district court did not plainly err in imposing them. See 18 U.S.C. § 3583(e)(2) (authorizing district court to modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release); United States v. Wiedower, 634 F.3d 490, 496 (8th Cir. 2011) (standard of

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

review); <u>United States v. Thompson</u>, 653 F.3d 688, 691, 693-94 (8th Cir. 2011) (supervised release conditions must be reasonably related to 18 U.S.C. § 3553(a) factors, involve no greater deprivation of liberty than reasonably necessary, and be consistent with policy statements issued by Sentencing Commission).

The remainder of Smalley's pro se claims present no basis for reversal. Smalley's assertions that the court misapplied any unmodified supervision conditions, or that his conditions of supervision resulted in a "complete ban" of technology, are rejected as lacking support in the record. Additionally, ownership over the phone located in Smalley's vehicle, and the propriety of any content located thereon, is immaterial to whether Smalley violated a condition prohibiting the possession or use of such a device; moreover, Smalley admitted to violating the condition at his revocation hearing. Smalley failed to raise a Fourth Amendment challenge in the district court but more importantly the exclusionary rule generally does not apply to revocation proceedings. <u>See</u> <u>United States v. Charles</u>, 531 F.3d 637, 640 (8th Cir. 2008) (whether evidence used in revocation proceeding was obtained in violation of Fourth Amendment was immaterial, as exclusionary rule does not apply in revocation proceedings). We decline to address Smalley's ineffective-assistance-of-counsel claim on direct appeal. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

Accordingly, the court affirms the judgment of the district court, and grants counsel's motion to withdraw.

_____