# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3274
_____

United States of America

*Plaintiff - Appellee*

v.

Darell Richards

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 12, 2025
Filed: August 1, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

While serving a sentence for escape from custody, in violation of 18 U.S.C. § 751(a), Darell Richards violated several conditions of his supervised release. As a result, the district court[1] sentenced Richards to 14 months' imprisonment followed

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

by 1 year of supervised release. As a condition of supervised release, the district court required Richards to participate in a program for domestic violence. On appeal, Richards challenges that condition as well as the substantive reasonableness of his sentence. We affirm.

## I. *Background*

Richards originally pleaded guilty to being a felon in possession of a firearm, under 18 U.S.C. § 922(g)(1), and the district court sentenced him to 84 months' imprisonment followed by 3 years of supervised release. *See United States v. Richards*, 8:13-cr-371 (D. Neb. Dec. 18, 2014). While on supervised release, Richards violated several release conditions, and the probation office alerted the district court. Richards admitted to violations for using alcohol, failing to notify his probation officer, and giving police false information. *See United States v. Richards*, 8:13-cr-371 (D. Neb. July 22, 2021). The district court sentenced him to 12 months' and 1 day imprisonment for those violations.

On January 19, 2022, the Bureau of Prisons (BOP) released Richards and placed him in a residential reentry center. Just a month later, Richards left the center without authorization and did not return. U.S. Marshals located and apprehended him on March 9, 2022. Richards pleaded guilty to escape from custody under 18 U.S.C. § 751(a). The district court sentenced Richards to 15 months' imprisonment followed by 2 years of supervised release.

While on supervised release for his escape conviction, Richards committed five more supervised-release violations, and the probation office filed a Petition for Warrant or Summons (Petition). The Petition first alleged that Richards admitted to ingesting marijuana and cocaine and that his urine samples tested positive for both. Second, it alleged that Richards failed to notify his probation officer when an Omaha police officer questioned him in August 2023 "after a dispute with his spouse." R. Doc. 70, at 2. Third, it alleged that Richards admitted to using alcohol and was under the influence of alcohol during the events in the fifth allegation. Fourth, it alleged that Richards failed to attend required programming for substance abuse. Fifth, it

alleged that Richards violated a state law in July 2024 because he "broke down the door to his residence and physically assaulted his domestic partner by striking her in the face." *Id.* at 3. The Petition noted that Richards was subsequently charged with third-degree domestic assault, under Neb. Rev. Stat. § 28-323(1)(a), and was in state custody.

In a preliminary hearing before a magistrate judge, the government called Omaha Police Officer Travis Liggett to testify about the fifth allegation. Officer Liggett testified that he responded to a domestic disturbance on July 19, 2024. Richards's domestic partner, Porsha Cook, alleged that Richards assaulted her. According to Officer Liggett, Richards came home "heavily intoxicated" with some friends and "attempted to break down the door." R. Doc. 86, at 6:40–6:50. Cook got into an altercation with one of Richards's friends and ended up in a "physical confrontation with [Richards] as well." *Id.* at 7:08. Cook told Officer Liggett that "[d]uring the physical altercation, [Richards] struck her multiple times in the face and in the body as well." *Id.* at 7:36. Cook "looked disheveled" and "had a cut on one of her lips . . . [from] being punched in the face." *Id.* at 7:55. Cook's 11-year-old daughter told Officer Liggett that she saw Richards "strike [her mother] once in the face." *Id.* at 9:08. After the hearing, the magistrate judge entered an order finding probable cause to believe that Richards violated at least one condition of his supervised release. Specifically, the magistrate judge found that there was "probable cause as to allegation 5" but no "probable cause as to allegation 3." R. Doc. 81. The magistrate judge dismissed the third allegation. Ultimately, the government also dismissed the fifth allegation after the state dropped Richards's domestic-assault charge. Richards then admitted to the first, second, and fourth allegations.

At sentencing, the district court found that Richards's advisory range under the Sentencing Guidelines was 8 to 14 months' imprisonment. Richards's counsel requested a sentence of time served. His counsel noted that Richards spent 66 days in state custody but said that the BOP would only credit him for the 51 days he spent in federal custody. His counsel also said that Richards was making "progress" with his substance-abuse issues but argued that this progress "was derailed" in July 2024

when he was "arrested on [the] state charges." R. Doc. 96, at 11. Richards "denie[d] vehemently" the domestic-abuse allegations. *Id.* The district court sentenced Richards to "14 months of incarceration . . . [with] credit for any time served." *Id.* at 17. In crafting this sentence, the district court said that it considered all the sentencing factors. *See* 18 U.S.C. §§ 3583(e), 3553(a). The court noted that Richards was "resistant to supervision for quite a while" and that "[h]is multiple offenses demonstrate[d] a lack of deterrence and unwillingness to follow the law." *Id.* at 16. The court said that Richards's behavior "in custody [was] admirable" because he "participate[d] in everything" but warned Richards that he must follow the rules to avoid another sentence for supervised-release violations. *Id.* at 17. The court also imposed the mandatory and special conditions that the probation office recommended but did not further discuss those conditions. One condition required Richards to "participate in an approved program for domestic violence." R. Doc. 88, at 3. Richards did not object to the conditions.

## II. *Discussion*

On appeal, Richards argues that the district court (1) plainly erred in imposing the release condition that he participate in a treatment program for domestic violence and (2) abused its discretion in imposing a substantively unreasonable 14 months' sentence. We consider each argument in turn.

## A. *Supervised-Release Condition*

We typically review a district court's decision regarding a condition of supervised release for an abuse of discretion. *See United States v. Winston*, 850 F.3d 377, 379 (8th Cir. 2017). But Richards did not object to the condition. We, therefore, review for plain error. *See United States v. Hill*, 889 F.3d 953, 954 (8th Cir. 2018). Thus, Richards "must show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

"A district court has 'wide discretion' to impose conditions of supervised release." *Id.* (quoting *United States v. Durham*, 618 F.3d 921, 933 (8th Cir. 2010)). "The district court does not abuse its discretion by refusing to modify supervised-release conditions that are reasonably related to the sentencing factors, involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." *United States v. Trimble*, 969 F.3d 853, 856 (8th Cir. 2020) (per curiam) (internal quotation marks omitted); *see also* 18 U.S.C § 3583(d). "[D]omestic violence treatment is reasonably related to the sentencing goals when evidence in the record indicates anger and domestic violence issues, . . . even where the conviction offense does not involve domestic violence." *United States v. Cheeks*, No. 20-3243, 2021 WL 5984900, at *2 (8th Cir. Dec. 16, 2021) (unpublished per curiam).

Richards argues that the condition was improper because it was based on unproven, dismissed allegations like the condition we vacated in *Hill*, 889 F.3d at 956. There, we held that a district court plainly erred when it adopted, without explanation or evidence, the probation office's recommendation that Hill participate in domestic-violence treatment. *Id.* at 955. "Hill denied the allegation. The government produced no evidence of domestic assault. On the government's motion, the court dismissed the allegation. (The charge also was dismissed in state court). Hill ha[d] no other documented history of violence, domestic or otherwise." *Id.* Thus, the only evidence was the dismissed allegation—comparable to "[a]n indictment," which "is simply an accusation . . . . [and] not evidence of anything." *Id.* (quoting *United States v. Bertucci*, 794 F.3d 925, 932 (8th Cir. 2015)). If the allegation was true, it would support the condition—but because the allegation was dismissed, the only "evidence of domestic assault [was] . . . bare and unproven accusations of misconduct . . . . [which] alone cannot constitute a sufficient basis for requiring domestic violence counseling." *Id.* (cleaned up).

*Hill* is distinguishable. Here, unlike in *Hill*, the government produced evidence of the domestic assault. Officer Liggett testified before a magistrate judge about the domestic disturbance. He testified that both Cook and her daughter told

-5-

him that Richards struck Cook at least once. He testified that Cook "had a cut on one of her lips . . . [from] being punched in the face." R. Doc. 86, at 7:55. Following this testimony, the magistrate judge found probable cause to believe that Richards committed the fifth allegation. Thus, unlike *Hill*, there is "evidence in the record indicat[ing] . . . domestic violence issues." *Cheeks*, 2021 WL 5984900, at *2 (finding that a district court did not abuse its discretion in requiring domestic-violence treatment because there was evidence in the record that the defendant assaulted his girlfriend and because he had a previous conviction involving him kicking down his girlfriend's door).

Dismissal of the state charges does not mean that the court could not consider the behavior in crafting a revocation sentence. *See United States v. McGhee*, 869 F.3d 703, 706 (8th Cir. 2017) (per curiam) ("[W]hen imposing a revocation sentence, a district court may consider conduct underlying an arrest even where the related charges have been dismissed, subject only to the same procedural limitations that apply to other types of information the court may consider in imposing a sentence."); *United States v. Dailey*, 113 F.4th 850, 855 (8th Cir. 2024) (noting that the district court may base a sentence on disputed allegations if the government "present[s] evidence to the court to prove the existence of those facts"). Further, Richards acknowledged that another incident had occurred in August 2023 in which he was questioned by Omaha police "after a dispute with his spouse," and although there were no charges filed, "he was asked to leave the premises." R. Doc. 54, at 2. On this record, we are satisfied that the district court acted within its discretion in imposing the condition.

Even if the district court did err in imposing this condition, that error was not plain because it was not "clear or obvious under current law." *Hill*, 889 F.3d at 954. In finding plain error in *Hill*, we cited to *United States v. Wisecarver*, 644 F.3d 764 (8th Cir. 2011). In *Wisecarver*, we held that a district court plainly erred in imposing conditions regulating the defendant's alcohol use because there was no "evidence in the extensive record . . . that [the defendant] ever . . . had problems related to alcohol." *Id.* at 775. Likewise, in *Hill*, the error was plain because there was no

evidence in the record that the defendant had issues with domestic violence. 889 F.3d at 955. As explained above, the government introduced evidence demonstrating that Richards had an issue with domestic violence. Thus, this case is not like *Hill* or *Wisecarver*, and we detect no plain error under current law.

B. *Substantive Reasonableness*

We review the substantive reasonableness of a "sentence imposed upon revocation of supervised release under a 'deferential-abuse-of-discretion standard.'" *United States v. DeMarrias*, 895 F.3d 570, 572–73 (8th Cir. 2018) (quoting *United States v. Johnson*, 827 F.3d 740, 744 (8th Cir. 2016)). "Such an abuse of discretion occurs if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Johnson*, 827 F.3d at 744 (internal quotation marks omitted). "It will be the unusual case when we reverse a district court's sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Hewitt*, 999 F.3d 1141, 1149 (8th Cir. 2021) (per curiam) (cleaned up). But when, like here, the sentence imposed is within the Guidelines range, "we presume that it is reasonable." *United States v. Jones*, 990 F.3d 1141, 1144 (8th Cir. 2021).

Richards argues that his sentence was substantively unreasonable because the district court did not mention (1) his rehabilitation progress and the impact that the domestic-violence charge had on his progress and (2) that he spent 66 days in state custody. Richards made both arguments at sentencing. *See United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009) ("[W]e have held that where the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors."). The district court discussed the § 3553(a) factors and emphasized that Richards's continuing pattern of supervised-release violations "demonstrate[d] a lack of deterrence and unwillingness to follow the law." R. Doc. 96, at 16. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an

-7-

appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). The district court acted within its wide discretion in imposing the 14-month, within-Guidelines sentence.

## III. *Conclusion*

Accordingly, we affirm.

_____