**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 24-4290**

―――――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

ROLAND VANCE WATSON,

        Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:23-cr-00035-KDB-DCK-1)

―――――――――――

Submitted:  September 3, 2025                Decided:  September 12, 2025

―――――――――――

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** Charles R. Brewer, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Vance Watson pleaded guilty, pursuant to a written plea agreement, to production of child pornography (Count 2), in violation of 18 U.S.C. § 2551(a), (e), and committing a felony involving a minor while being required to register as a sex offender (Count 6), in violation of 18 U.S.C. § 2260A. The district court sentenced him to a total of 460 months' imprisonment and a life term of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal and raising no specific issue for consideration. Although informed of his right to do so, Watson has not filed a pro se supplemental brief. We affirm.

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleaded guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (citation modified). Accordingly, before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Watson did not seek to withdraw his guilty plea, our review of the adequacy of the Fed. R. Crim. P. 11 hearing is for plain error. *United States v. King*, 91 F.4th 756,

760 (4th Cir. 2024) (stating standard of review and providing standard). We have reviewed the Rule 11 colloquy and conclude that, although the magistrate judge[*] made several omissions, *see* Fed. R. Crim. P. 11(b)(1)(D), (E), (H), (M), none of those omissions affected Watson's substantial rights. *See Greer v. United States*, 593 U.S. 503, 508 (2021) (stating standard in Rule 11 context). Moreover, our review of the record confirms that Watson was competent to enter a plea, *see United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012) (stating that court "must ensure that the defendant is competent to enter the plea" (citation modified)), that he knowingly and voluntarily entered his guilty plea, and that a factual basis adequately supports his plea.

Turning to Watson's sentence, we review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the [Sentencing] Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Where, as here, the sentence is within the advisory Guidelines range, we presume that the sentence is substantively reasonable. *United States v. Henderson*, 107 F.4th 287, 297 (4th

---

[*] Watson consented to proceed before a magistrate judge.

Cir.), *cert. denied*, 145 S. Ct. 578 (2024). "The presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (citation modified).

We conclude that the district court imposed a procedurally and substantively reasonable custodial sentence and that Watson has not rebutted the presumption of reasonableness afforded that sentence. Although the district court erred in imposing a life term of supervised release for Watson's § 2260A conviction in Count 6, this error did not affect Watson's substantial rights. *United States v. Gifford*, 991 F.3d 944, 948 (8th Cir. 2021). Watson received two concurrent life terms of supervised release, so regardless of the error on Count 6, he still is subject to a life term of supervised release for Count 2, the § 2251 conviction. *See United States v. Benton*, 24 F.4th 309, 315 (4th Cir. 2022) (discussing concurrent sentence doctrine); *United States v. Charles*, 932 F.3d 153, 161 (4th Cir. 2019) (stating that concurrent sentence doctrine is "a species of harmless-error review where a defendant seeks to challenge the legality of a sentence that was imposed for a valid conviction, but where the challenged sentence runs concurrently with a valid sentence of an equal or greater duration").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Watson, in writing, of the right to petition the Supreme Court of the United States for further review. If Watson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

4

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Watson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*